## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| CONEX HOLDINGS, LLC, et al. | : | Case No. 11-10501(CSS) |
| | : | |
| Debtors. | : | Jointly Administered |
| _____: | : | |
| | : | |
| CHARLES A. STANZIALE, JR., in his | : | |
| capacity as the Chapter 7 Trustee of | : | |
| Conex International, LLC,  f/k/a | : | |
| Conex  International Corporation, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Adv. Proc. No. 12-51211(CSS) |
| v. | : | |
| | : | Re: Docket No. 51 |
| SOUTHERN STEEL & SUPPLY, L.L.C., | : | |
| | : | |
| Defendant. | : | |

## OPINION

**BUCHANAN INGERSOLL & ROONEY PC**
Geoffrey G. Grivner
919 N. Market Street, Suite 1500
Wilmington, DE  19801
         -and-
JONES WALKER LLP
Mark A. Mintz
201 St. Charles Avenue, Suite 4900
New Orleans, Louisiana 70170

Counsel for Defendant Southern Steel, LLC

**McCARTER & ENGLISH, LLP**
Katharine L. Mayer
405 N. King Street, 8th Floor
Wilmington, DE  19801
         -and-
Michael J. Reynolds
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102

Counsel to Plaintiff, Charles A. Stanziale, Jr., the Chapter 7 Trustee

Dated:  January 14, 2015

Sontchi, J._____

## INTRODUCTION

Southern Steel & Supply, L.L.C. ("Southern Steel" or "Defendant") is a defendant in a preference action brought by the Chapter 7 Trustee ("Trustee") of Conex Holdings, LLC, Conex International, and Advantage Blasting & Coating, Inc. (the "Debtors"). Through the preference action, Trustee seeks to recover six preferential transfers paid to Defendant by the Debtors. Defendant filed a motion for summary judgment, seeking a finding that the transfers are not avoidable under the ordinary course of business defense. Trustee filed a cross-motion for summary judgment, arguing that Defendant does not qualify for the ordinary course of business defense.

On October 14, 2014, the Court entered an Opinion and Order denying both motions with prejudice. In the Opinion, the Court found that Southern Steel established neither that the transfers were made in the ordinary course of business of the Debtors and Defendant, nor that they were made according to ordinary business terms. But, the Court also found that the record was insufficient to support Trustee's cross-motion for summary judgment. Rather, the Court found that there is a genuine issue of material fact as to the applicability of both prongs of the ordinary course of business defense that will need to be decided after a trial on the merits.

Southern Steel has filed a motion for reconsideration of the Court's finding that the transfers were not made according to ordinary business terms.[1] In support of its motion, Defendant argues that the Court committed error by not accepting an uncontroverted affidavit filed by Defendant in support of its motion as definitive proof

---

[1] Adv. Pro. No. 12-51211, D.I. 51.

that the transfers were made under ordinary business terms.  Summary judgment should be granted only if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law,"[2] after considering the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits."[3]  Even an uncontroverted affidavit must meet the applicable legal standard on the merits.  In this case, the Court found that the affidavit, *on its face*, was insufficient to establish the ordinary business terms in the industry and, thus, Defendant was not entitled to judgment as a matter of law that the transfers at issue were made according to such terms.

Thus, the Court will deny the motion for reconsideration.

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) and this Court has the judicial power to enter a final order.

## GOVERNING STANDARD

Federal Rule of Civil Procedure 59(e), made applicable to this adversary proceeding by Rule 9023 of the Federal Rules of Bankruptcy Procedure, governs motions for reconsideration.[4]  A motion for reconsideration may be granted where (i) there has

---

[2] Fed. R. Civ. P. 56(a) (made applicable by Fed. R. Bankr. P. 9023).

[3] *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

[4] Trustee has moved to strike Defendant's motion for reconsideration on the basis that Defendant's motion was untimely. [D.I. 53].  Notwithstanding the provisions of Federal Rule of Civil Procedure 59(e) that

been an intervening change in controlling law; (ii) new evidence has become available;

or (iii) there is a need to prevent manifest injustice or to correct a clear error of law or

fact.[5]  Defendant argues that the Court committed a clear error of law or fact in denying

its motion for summary judgment.

## THE MOTION FOR RECONSIDERATION MUST BE DENIED[6]

Southern Steel has filed a motion for reconsideration of the Court's finding that

the transfers were not made according to ordinary business terms under section

547(c)(2)(B) of the Bankruptcy Code.[7]  In support of its motion, Defendant argues that the

Court committed error by not accepting an uncontroverted affidavit filed by Defendant

---

provide a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment," Bankruptcy Rule 9023 provides that a motion "to alter or amend a judgment shall be filed … no later than 14 days after entry of judgment."  In this case, Defendant filed its motion for reconsideration 27 days after entry of the Opinion and Order.  The time period in Rule 9023, however, does not apply to a motion to reconsider denial of a summary judgment motion.  *See, e.g., Scott v. Tully*, No. 3:CV-02-805, 2005 WL 1244972 (M.D. Pa. May 3, 2005) ("Rule 59(e) does not apply to motions for reconsideration of interlocutory orders from which no immediate appeal may be taken . . . including summary judgment denials."); and *Nieves-Luciano v. Hernandez-Torres*, 397 F. 3d 1, 4 (1st Cir. 2005) (same).

In reference to a denial of a motion for summary judgment, the filing of a motion to reconsider, "is nothing more than an interlocutory motion invoking the . . . court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Pellicano v. Blue Cross Blue Shield Ass'n*, 540 Fed. App'x 95, 97 n.4 (3d Cir. 2013) (quoting *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir.1991)).  Nevertheless, the Court applies the standards governing Fed. R. Civ. P. 59 to such motions. *Golden v. Hartford Life & Acc. Ins. Co.*, No. 03-759, 2006 WL 861016 (E.D. La. Mar. 30, 2006). *See also In re W.R. Grace & Co.*, 398 B.R. 368, 373 (D. Del. 2008) (citing *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

Here, the Court's denial of Defendant's motion for summary judgment is not a final judgment that implicates the time bar of Rule 9023.  That is not to say there is no time limit.  For example, the doctrine of *laches* might apply if there were an inordinate delay in filing such a motion.  In this case, however, the motion was filed 27 days after entry of the Opinion and Order and cannot be considered untimely.

[5] *W.R. Grace, supra.*

[6] For a complete recitation of the facts the Court refers the reader to the Court's Opinion, the entirety of which is incorporated by reference.  *See Stanziale v. Southern Steel & Supply, L.L.C. (In re Conex Holdings, LLC)*, 518 B.R. 269, 274-276 (2014).

[7] Southern Steel has not sought reconsideration of the Court's finding that the transfers were not made in the ordinary course of business of the Debtors and Defendant.  11 U.S.C. § 547(c)(2)(A).

in support of its motion as definitive proof that the transfers were made under ordinary business terms.

The phrase "ordinary business terms" looks to general norms within the creditor's industry.[8]  As the Third Circuit has held, transfers may be avoided only if they are "so idiosyncratic as to fall outside that broad range" of practices customary in the creditor's industry.[9]  This Court and others within the Third Circuit have frequently characterized "ordinary business terms" as embracing a "broad range" of credit practices that are "in harmony with the range of terms prevailing as some relevant industry norms."[10]  While expert testimony is not necessarily required, a defendant must provide admissible, non-hearsay testimony related to industry credit, payment, and general business terms in order to support its position.[11]

In support of its argument that the transfers were made under ordinary business terms, Southern Steel submitted the Affidavit of John Alford in order to set forth the industry standard for the payment of invoices such as those at issue and to demonstrate that the transfers meet those standards.  In the motion for reconsideration, Southern Steel asserts:

> Mr. Alford's Affidavit established that he has nine (9) years of experience in the industry, which is defined based upon his experience [in] the "construction industry," and that he currently serves as Executive Vice President of the parent company to Southern Steel.  Based upon Mr. Alford's experience in the industry, he testified with specificity as to the

---

[8] *In re Am. Home Mortgage Holdings, Inc.*, 476 B.R. 124, 140 (Bankr. D. Del. 2012).

[9] *In re Molded Acoustical Products, Inc.*, 18 F.3d 217, 220 (3d Cir. 1994)fork.

[10] *Am. Home Mortgage*, 476 B.R. at 140-41 (citing *In re Forklift LP Corp.*, 340 B.R. 735, 739 (D. Del. 2006)).

[11] *Hechinger Liquidation Trust*, 298 B.R. 240, 242 (Bankr. D. Del. 2003).

standard acceptable and expected range for payment of between thirty (30) and sixty (60) days late.  He further attested to its normalcy by establishing that the behavior of Southern Steel supported a finding that the late payments were ordinary in light of the fact that Southern Steel did not demand payment, change payment terms, or change credit terms with respect to the Debtor[s] in any way even after payments were technically due and owing.  Finally, Mr. Alford specifically demonstrates that the payments at issue fall within the industry standard set forth.[12]

Southern Steel goes on to note that "the Trustee has offered no evidence, by affidavit or otherwise, to contradict the Affidavit of John Alford."[13]  Rather, Southern Steel argues that Trustee's evidence is limited to conclusory, unsworn statements in Trustee's brief that "are insufficient to contest the contents of Mr. Alford's Affidavit and do not create genuine issues of material fact with respect to the 'ordinary business terms' in the industry, and … Trustee's allegations are therefore insufficient to controvert the summary judgment evidence of Southern Steel, *i.e.*, the Affidavit of John Alford."[14] Finally, Southern Steel concludes that "[c]onsidering that John Alford's Affidavit is uncontested, this Court is *bound* to accept his declarations as true for purposes of Southern Steel's Motion for Summary Judgment."[15]

In denying Southern Steel's motion for summary judgment, the Court found that the affidavit, *on its face*, was insufficient to establish the ordinary business terms in the industry and, thus, Defendant was not entitled to judgment as a matter of law that the

---

[12] Adv. Pro. No. 12-51211, D.I. 51 at 4-5.

[13] *Id.* at 6.

[14] *Id.* at 7 (internal citations omitted).

[15] *Id.* at 8 (emphasis added).

transfers at issue were made according to such terms.  More specifically, the Court held

that:

> Southern Steel has not met its burden of proof in providing the Court with enough information to determine the "ordinary business terms" in the industry.  "Courts have rejected evidence of an industry standard where it is too general.  Instead, courts look for objective definitive evidence supported by specific data to meet the burden of proof." Within [*In re U.S. Interactive,* 321 B.R. 388 (Bankr. D. Del. 2005)], Judge Walrath rejected testimony that was imprecise and which did not provide any objective basis or statistical analysis for its conclusion.  Although witnesses who have worked in the company and in the industry may be prime candidates for providing relevant testimony, this testimony will also only be useful if "the court determines that the employees are credible and have significant and relevant industry experience."  Within *In re Sacred Heart Hosp. of Norristown,* [200 B.R. 114 (Bankr. E.D. Pa. 1996)] the Bankruptcy Court in the Eastern District of Pennsylvania rejected evidence which was "totally lacking in specificity, consisting of merely broad estimates of a wide range of delay time in payments (90 to 150 days)."
>
> Here, the evidence consists of mere undetailed allegations from Mr. Alford about various acceptable ranges of payment dates in the construction industry, which, much like the evidence provided within *U.S. Interactive,* lack an objective basis or any statistical analysis.  While Mr. Alford may have relevant and significant industry experience, details on his experience have not been described to the Court, except for a vague expression of his nine years of industry experience.[16]

In order to be entitled to summary judgment, Southern Steel was required to

establish that "there is no genuine dispute as to any material fact *and* the movant is

entitled to judgment as a matter of law."[17]  The basis for the Court's ruling was not that

there was a genuine issue of material fact.  It was that, even if Mr. Alford's uncontroverted

allegations were accepted as true, they were insufficient to meet the applicable legal

---

[16] *In re Conex Holdings, LLC,* 518 B.R. at 286-87 (internal citations omitted).

[17] Fed. R. Civ. P. 56(a) (emphasis added).

standard.[18]    While it may be true that courts generally accept allegations in an uncontroverted affidavit as true for purposes of deciding a motion for summary judgment, that is not to say they are bound to accept movant's assertion that those allegations satisfy the legal standard that must be met to find "movant is entitled to judgment as a matter of law."[19]    In this case, the Court found that Mr. Alford's allegations were insufficiently detailed and lacking in an objective basis or any statistical analysis. Those allegations were insufficient under the controlling case law to establish the industry practice, which is required in order to support the affirmative defense under section 547(c)(2)(B) of the Bankruptcy Code.[20]

Southern Steel's secondary argument in support of its motion for reconsideration is that the Court erred in evaluating the credibility of the affiant in its review of whether the record supported a finding that the transfers were made under ordinary business terms.    That is not what occurred here.    The Court's use of the word "credibility" in this instance was inaccurate.    The Court was not considering the affiant's credibility, *i.e.*, "the

---

[18] The Court also held that errors and discrepancies elsewhere in Mr. Alford's Affidavit detracted from the "credibility" of his assertions of industry practice and that it was relevant that Trustee has made contrary allegations as to industry norms, "even if such allegations remain unsupported by evidence at this time." *Id.* at 287.    As discussed below, the Court considered these points in weighing whether, as a matter of law, the allegations supported a finding that the legal standard had been met.    In any event, they are secondary to the Court's main holding described above.

[19] *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986) ("the inquiry . . .is whether . . . one party must prevail as a matter of law.").

[20] Southern Steel argues at length in its motion for reconsideration that Mr. Alford's Affidavit does, in fact, establish the industry norm.    The Court considered that argument and reached a different conclusion.    The cases are legion that a motion for reconsideration should not be used to reargue the facts or applicable law. *See, e.g., W.R. Grace,* 398 B.R. at 371-72 ("Given a court's interest in the finality of its judgments, '[motions] for . . . reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed and considered and decided by the Court.    Reconsideration is not permitted simply to allow a 'second bite at the apple.'")(internal citations omitted ).

quality that makes something (as a witness or some evidence) worthy of belief."[21]  It was considering whether the allegations in the affidavit were sufficient to meet the legal standard.  In making that determination, the Court considered the fact that the affidavit, as a whole, contained numerous errors and conflicting allegations.  Moreover, the Court's reference to the affiant's credibility was not the sole or even primary basis of its determination that Defendant was not entitled to summary judgment.  The primary basis for the Court's finding was that the affidavit consisted merely of undetailed allegations lacking any objective basis or statistical analysis that were insufficient to meet the legal standard.  Thus, even if the Court improperly considered the affiant's credibility (which it did not), that error does not affect the basis for the Court's finding that Defendant is not entitled to summary judgment.

## CONCLUSION

For the reasons set forth above, the Court will deny Southern Steel's motion for reconsideration.  An order will be issued.

---

[21] BLACK'S LAW DICTIONARY (9th ed.) at 423.